**UNITED STATES DISTRICT COURT



FOR THE DISTRICT OF MARYLAND**

---

USDC- BALTIMORE
'26 JAN 16 PM2:28

Ronald Dale Ritchie II,
Plaintiff,

v. Civil Action No. MJM 26 CV 00182

Karen Detrick, State's Attorney for Allegany County,
in her individual and official capacities;

Dave Morgan, Undersheriff, Allegany County,
in his individual and official capacities;

Allegany County Sheriff's Office;

Allegany County, Maryland,
Defendants.

---

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

(42 U.S.C. § 1983)**

---

## I. INTRODUCTION

1. This is a civil rights action brought pursuant to **42 U.S.C. § 1983 to redress the deprivation of Plaintiff's constitutional rights under the First, Sixth, and Fourteenth Amendments to the United States Constitution.**
2. Defendants, acting under color of state law, engaged in **witness intimidation, obstruction of justice, and retaliation, thereby interfering with Plaintiff's right to present a defense, depriving him of due process, and retaliating against him for exercising protected legal rights.**

---

## II. JURISDICTION AND VENUE

HD
Rcv'd by: AK

3. This Court has jurisdiction under **28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1343, as this action arises under the Constitution and laws of the United States.**

4. Venue is proper in this District under **28 U.S.C. § 1391(b) because the events giving rise to these claims occurred in Allegany County, Maryland, within the District of Maryland.**

---

## III. PARTIES

5. **Plaintiff Ronald Dale Ritchie II is a resident of Cumberland, Maryland.**

6. **Defendant Karen Detrick was, at all relevant times, a State's Attorney for Allegany County, Maryland. She acted under color of state law and is sued in both her individual and official capacities.**

7. **Defendant Dave Morgan was, at all relevant times, the Undersheriff of Allegany County, Maryland. He acted under color of state law and is sued in both his individual and official capacities.**

8. **Defendant Allegany County Sheriff's Office is a law enforcement agency operating under the authority of Allegany County, Maryland.**

9. **Defendant Allegany County, Maryland is a municipal entity responsible for the policies, practices, supervision, and training of its law enforcement officials.**

---

## IV. FACTUAL ALLEGATIONS

10. On or about **August 04, 2024, Plaintiff was arrested on multiple criminal allegations in Allegany County, Maryland.**

11. Following his arrest, law enforcement executed a search warrant at Plaintiff's residence and seized various items, including electronic devices.

12. Plaintiff retained counsel and prepared for a jury trial in the Circuit Court for Allegany County.

13. Plaintiff subpoenaed multiple defense witnesses through the Circuit Court, including a **current Allegany County deputy sheriff who possessed relevant and exculpatory testimony concerning the surveillance-related charge against Plaintiff.**

14. This deputy sheriff was a lawful, subpoenaed defense witness and was prepared to testify truthfully on Plaintiff's behalf.

15. During jury selection, Defendant **Karen Detrick, the prosecuting attorney, summoned Plaintiff's defense counsel outside the courtroom and stated that the deputy sheriff would be criminally charged if he**

**remained and testified.**



16. As a result of this threat, the subpoenaed defense witness was compelled to leave the courthouse under fear of prosecution.

17. On the morning of trial, Defendant Detrick again summoned defense counsel and repeated the threat that the witness would be charged if he testified.

18. Defense counsel immediately warned the witness, who again left the courthouse out of fear of prosecution.

19. Defendant **Dave Morgan, the Undersheriff, subsequently contacted the witness and stated words to the effect of: *"I told you they were going to charge you if you testified."***

20. These actions were intended to, and did, prevent the subpoenaed defense witness from testifying.

21. The witness's testimony related directly to the **sole charge on which Plaintiff was ultimately convicted, while Plaintiff was acquitted of all other charges.**

22. Following trial, Defendant Detrick admitted to Plaintiff's counsel that investigators failed to conduct a full forensic download of Plaintiff's seized electronic device, despite such action being required by policy.

23. After the conclusion of the criminal case, Defendant Morgan communicated additional threats that if Plaintiff pursued legal action, Plaintiff and the witness would be charged with criminal offenses.

24. These threats caused Plaintiff severe emotional distress and were intended to retaliate against Plaintiff for exercising his constitutional right to seek redress.

---

## V. CLAIMS FOR RELIEF

### COUNT I – Civil Rights Violations (42 U.S.C. § 1983)

***(Against All Defendants)***

25. Defendants acted under color of state law.

26. Defendants intentionally interfered with Plaintiff's **Sixth Amendment right to compulsory process and to present witnesses in his defense.**

27. Defendants deprived Plaintiff of **procedural and substantive due process under the Fourteenth Amendment.**

28. Defendants retaliated against Plaintiff for exercising protected rights, in violation of the **First Amendment.**

29. Defendants' conduct constituted **witness intimidation and**

**obstruction of justice, causing direct and foreseeable harm to Plaintiff.**

---

**COUNT II – Municipal Liability (Monell Claim)**

***(Against Allegany County, Maryland)***

30. The actions described were undertaken pursuant to policies, customs, or practices of Allegany County, including failure to train, supervise, and discipline prosecutors and law enforcement officials.

31. Allegany County's deliberate indifference caused the constitutional violations suffered by Plaintiff.

---

**VI. DAMAGES AND RELIEF**

32. Plaintiff suffered loss of liberty, emotional distress, reputational harm, and other damages.

33. Plaintiff seeks:

- Compensatory damages
- Punitive damages
- Declaratory relief
- Injunctive relief
- Costs and any allowable attorney's fees

34. Plaintiff seeks damages in an amount **not less than $5,000,000.**

---

**VII. JURY DEMAND**

35. Plaintiff **demands a trial by jury on all issues so triable.**

---

**VIII. PRAYER FOR RELIEF**

**WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and grant all appropriate relief.**

---

**IX. SIGNATURE**

**Respectfully submitted,**

Ronald Dale Ritchie III
12725 Valley View Ave
Cumberland, MD 21502