UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

RONALD DALE RITCHIE, II,
Plaintiff,

v.

KAREN DETRICK, et al.,
Defendants.

Civil Action No. 1:26-cv-00182-MJM

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Plaintiff Ronald Dale Ritchie, II, respectfully submits this Opposition to Defendants' Motion to Dismiss. For the reasons stated below, the Motion should be denied. In the alternative, if the Court finds any pleading deficiency, Plaintiff respectfully requests leave to amend his Complaint.

I. INTRODUCTION

This case concerns the alleged intimidation of a subpoenaed defense witness in a criminal trial. Plaintiff alleges that a deputy sheriff was subpoenaed and appeared at the courthouse prepared to testify for the defense. Plaintiff further alleges that the deputy was informed that he would face criminal charges if he testified, causing him to leave the courthouse and not testify. Plaintiff was then convicted on the charge to which Plaintiff alleges Deputy Robison's anticipated testimony was material, while being acquitted of the remaining charges.

Defendants ask the Court to dismiss the case at the pleading stage. But Plaintiff's Complaint contains specific factual allegations identifying the witness, the relevant criminal proceeding, the alleged threats, the individuals involved, and the resulting harm. The allegations are not speculative. They are supported by a sworn affidavit from the deputy witness, who states that he was subpoenaed, appeared prepared to testify, feared prosecution if he testified, left the courthouse, and did not testify because of those threats.

At this stage, the Court is not being asked to decide whether Plaintiff will ultimately prevail. The question is whether Plaintiff has alleged sufficient facts to state a plausible claim for relief. Plaintiff has done so. The Motion should be denied, or alternatively Plaintiff should be granted leave to amend.

II. RELEVANT FACTS

Plaintiff filed this civil action after criminal proceedings in Allegany County, Maryland. Plaintiff alleges that he was arrested, that law enforcement executed a search warrant at his residence, and that certain items were seized.

During the criminal case, Plaintiff subpoenaed witnesses to testify in his defense, including Deputy Sheriff Shannon Robison. Deputy Robison was expected to provide testimony relevant to the surveillance charge for which Plaintiff was ultimately convicted. Plaintiff was acquitted of the remaining charges.

Plaintiff alleges that during jury selection, Defendant Karen Detrick advised Plaintiff's criminal defense counsel that Deputy Robison would be criminally charged if he testified. Plaintiff alleges that the witness left the courthouse because he feared prosecution. Plaintiff further alleges that the same threat was repeated on the morning of trial, and the witness again did not testify.

Plaintiff also alleges that Defendant Dave Morgan later contacted the witness and stated words to the effect of, "I told you they were going to charge you if you testified." Plaintiff further alleges that Morgan later made additional threats after Plaintiff pursued or considered legal action.

Deputy Robison has provided a sworn affidavit confirming that he was subpoenaed, appeared at the courthouse prepared to testify, was informed that he could face criminal charges if he testified, feared prosecution, left the courthouse, and did not testify despite being subpoenaed. He also states that Dave Morgan later contacted him and made words to the effect of, "I told you they were going to charge you if you testified."

## III. STANDARD OF REVIEW

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. In deciding a Rule 12(b)(6) motion, the Court must accept well-pleaded factual allegations as true and draw reasonable inferences in favor of the non-moving party.

Plaintiff is self-represented. His pleadings must therefore be liberally construed. Although Plaintiff must still plead facts supporting a plausible claim, the Court should not dismiss a pro se complaint where the factual allegations, taken as true, support a potentially viable constitutional claim.

## IV. ARGUMENT

### A. Plaintiff Has Alleged Specific Facts Showing Interference With A Subpoenaed Defense Witness.

Plaintiff's Complaint is not based on vague accusations. It alleges a specific constitutional injury: a subpoenaed defense witness appeared to testify, was informed that he could face criminal charges if he testified, became fearful, left the courthouse, and did not testify.

The Sixth Amendment protects a criminal defendant's right to present witnesses in his defense. The Fourteenth Amendment protects the fundamental fairness of criminal proceedings. A state actor's interference with a defense witness can implicate serious constitutional concerns.

Here, Plaintiff alleges that the witness was not merely reluctant or unavailable. He was under subpoena. He appeared at the courthouse. He was prepared to testify. He did not testify because he feared prosecution after being informed that he could face criminal charges if he testified.

Those facts, if accepted as true, plausibly allege interference with Plaintiff's ability to present a defense.

B. The Sworn Affidavit Corroborates The Complaint.

Defendants characterize Plaintiff's allegations as insufficient. But Plaintiff's allegations are corroborated by sworn evidence.

Deputy Robison's affidavit confirms that he was a deputy sheriff, that he was subpoenaed as a defense witness, that he appeared at the courthouse prepared to testify, that he was informed he could face criminal charges if he testified, that he feared prosecution, and that he did not testify.

This affidavit is significant because it comes from the subpoenaed witness himself. It directly supports the factual foundation of Plaintiff's claim. At minimum, it shows that Plaintiff's allegations are not speculative and that discovery is warranted.

C. Defendant Morgan's Personal Participation Is Adequately Alleged.

Defendants argue that Plaintiff fails to state a claim against Defendant Morgan because Morgan allegedly spoke after the witness had already left the courthouse. That argument improperly draws factual inferences in favor of Defendants.

Plaintiff alleges that Morgan participated in the intimidation and reinforcement of threats directed at the subpoenaed witness. Plaintiff further alleges that Morgan later communicated additional threats that Plaintiff and the witness could be charged if Plaintiff pursued legal action. These allegations are not limited to a single isolated statement. They describe a broader pattern of intimidation, reinforcement, and retaliation.

Whether Morgan's conduct caused, contributed to, confirmed, reinforced, or ratified the intimidation of the witness is a factual question. Whether Morgan acted jointly with others is also a factual question. Those questions should not be resolved against Plaintiff on a motion to dismiss.

At the pleading stage, Plaintiff has adequately alleged Morgan's personal involvement by identifying the statement attributed to him, the context in which it occurred, and the retaliatory conduct alleged after the criminal proceedings.

D. Prosecutorial Immunity Should Not Be Decided In Defendants' Favor On An Incomplete Factual Record.

Defendants argue that Defendant Detrick is protected by absolute prosecutorial immunity. Plaintiff recognizes that prosecutors are entitled to absolute immunity for certain advocative

functions closely associated with the judicial phase of criminal proceedings. See Imbler v. Pachtman, 424 U.S. 409 (1976).

But absolute immunity is determined by the function performed, not merely by the prosecutor's title. See Buckley v. Fitzsimmons, 509 U.S. 259 (1993); Burns v. Reed, 500 U.S. 478 (1991); Kalina v. Fletcher, 522 U.S. 118 (1997). Conduct that falls outside the legitimate role of an advocate may not receive the same protection.

Plaintiff's claim is not simply that Defendant Detrick made an ordinary charging decision or argued a legal position in court. Plaintiff alleges that a subpoenaed defense witness was threatened with criminal prosecution if he testified, causing the witness not to testify. Plaintiff further alleges that the witness's testimony related to the sole charge on which Plaintiff was convicted.

Threatening or intimidating a subpoenaed defense witness is not a normal or legitimate prosecutorial advocacy function. Accepting Plaintiff's allegations as true, as required at this stage, the alleged conduct concerns interference with Plaintiff's ability to present a defense rather than legitimate courtroom advocacy. The Court should not characterize the alleged conduct as protected advocacy before discovery has occurred, particularly where the alleged conduct prevented a defense witness from testifying.

At minimum, Plaintiff has alleged facts sufficient to require further factual development concerning what was said, who said it, when it was said, who heard it, and how it affected the subpoenaed witness.

E. Plaintiff's Allegations Concerning The Sole Conviction Demonstrate Materiality.

Plaintiff was acquitted of the remaining charges. The only conviction involved the charge to which Deputy Robison's anticipated testimony was relevant.

Plaintiff does not ask the Court to speculate that the jury would necessarily have acquitted him had Deputy Robison testified. Rather, Plaintiff alleges that he was deprived of the opportunity to present material defense testimony to the jury. That is the constitutional injury.

The significance of the missing testimony is underscored by the fact that the witness's anticipated testimony related to the sole charge resulting in conviction. This reinforces the plausibility and seriousness of Plaintiff's claim.

F. The Sheriff's Office Issue Should Not Result In Dismissal Of The Entire Action.

Defendants argue that the Allegany County Sheriff's Office is not a legal entity subject to suit. Plaintiff understands that Defendants contend the Sheriff's Office is not a suable entity under Maryland law.

However, even if the Court agrees with Defendants on that specific issue, dismissal of the Sheriff's Office should not require dismissal of Plaintiff's claims against the individual

defendants or any properly named governmental defendant. Plaintiff respectfully requests that, if the Court finds that the Sheriff's Office is not the proper entity, Plaintiff be granted leave to amend to name the proper party.

G. Dismissal With Prejudice Is Not Appropriate.

Even if the Court concludes that any portion of the Complaint is deficient, dismissal with prejudice would be inappropriate.

Plaintiff is self-represented. The factual allegations concern serious constitutional issues involving a subpoenaed defense witness and alleged threats of prosecution. Plaintiff has already obtained sworn evidence from the witness. In addition, Plaintiff's criminal defense counsel possesses firsthand knowledge of material events alleged in the Complaint and is prepared to testify regarding statements he personally heard and the events he personally observed during the underlying criminal proceedings. Because discovery has not yet occurred, dismissal at the pleading stage would prevent the development of this additional firsthand testimony.

Should the Court determine that any claim is inadequately pled, Plaintiff respectfully requests leave to amend the Complaint rather than dismissal with prejudice. Plaintiff can provide additional factual detail, clarify the capacity in which Defendants are sued, identify the proper governmental defendant if necessary, and provide additional supporting testimony and sworn statements. Because Plaintiff is proceeding pro se and amendment would not be futile, leave to amend is appropriate if the Court identifies any pleading deficiency.

WHEREFORE, Plaintiff respectfully requests that this Court deny Defendants' Motion to Dismiss in its entirety. Alternatively, should the Court determine that any claim is inadequately pled, Plaintiff respectfully requests leave to amend the Complaint. Plaintiff further requests such other and further relief as this Court deems just and proper.

Respectfully submitted,

/s/ Ronald Dale Ritchie II

Ronald Dale Ritchie II

Ronald Dale Ritchie, II
Plaintiff, Pro Se

12725 ValleyView Ave
Cumberland, MD 21502
240-967-7318
ron_d_ritchie@yahoo.com


Date: July 3, 2026