**IN THE**
**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| RONALD RITCHIE, | * | |
| *Plaintiffs*, | * | |
| v. | * | No. 1:26-cv-00182-MJM |
| | * | |
| KAREN DETRICK ET AL., | * | |
| *Defendants*. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**REPLY IN SUPPORT OF STATE DEFENDANTS' MOTION TO DISMISS**

Defendants, Karen Detrick, Assistant State's Attorney for Allegany County ("ASA Detrick"), Dave Morgan, Undersheriff for Allegany County ("Major Morgan"), and the Allegany County Sheriff's Office (collectively "the State Defendants"), by their undersigned counsel, submit this reply in support of their motion to dismiss the complaint (ECF No. 14).

**INTRODUCTION**

Mr. Ritchie's opposition supports dismissal. He concedes the core facts pled in the complaint and relies primarily on a witness affidavit to "corroborate" those allegations. The affidavit states the affiant-deputy was subpoenaed, appeared, was told by ASA Detrick that he could face charges if he testified, left the courthouse, and subsequently heard Major Morgan say words to the effect of, "I told you they were going to charge you if you testified." (ECF No. 1, at ¶¶ 13–23; ECF No. 10, at 1.) But none of this overcomes the legal barriers requiring dismissal of the State Defendants: (1) Eleventh Amendment immunity

forecloses any official-capacity claims against ASA Detrick and Major Morgan; (2) absolute prosecutorial immunity forecloses claims against ASA Detrick for actions intimately associated with her prosecutorial function in the judicial process; (3) the complaint fails to state a plausible claim against Major Morgan based on the timing of the alleged statements; and (4) the "Allegany County Sheriff's Office" is not a legal entity subject to suit.

Mr. Ritchie recites the Rule 12(b)(6) standard but identifies no additional well-pleaded facts that cure the deficiencies identified in the State Defendants' opening memorandum. Accordingly, the Court should dismiss all claims against the State Defendants with prejudice.

## ARGUMENT

### I.  OFFICIAL-CAPACITY CLAIMS AGAINST ASA DETRICK AND MAJOR MORGAN ARE BARRED BY THE ELEVENTH AMENDMENT.

Mr. Ritchie does not refute that ASA Detrick and Major Morgan are State officials for Eleventh Amendment purposes, nor does he identify any valid waiver or abrogation of immunity applicable here. ASA Detrick and Major Morgan, when sued in their official capacities, are the State for Eleventh Amendment purposes; the State has not waived its immunity in federal court. Mr. Ritchie offers no contrary authority. Because amendment cannot cure this legal defect, any official-capacity claims must be dismissed with prejudice.

### II.  THE CLAIMS AGAINST ASA DETRICK ARE BARRED BY ABSOLUTE PROSECUTORIAL IMMUNITY.

Mr. Ritchie argues that a ruling on immunity should await discovery because the function allegedly performed was "not a normal or legitimate prosecutorial advocacy

2

function." (ECF No. 17, at 4.) That misstates the doctrine and the pleadings. The complaint alleges that, during jury selection and again on the morning of trial, ASA Detrick advised defense counsel that the subpoenaed deputy could face criminal charges if he testified, which Mr. Ritchie characterizes as "[t]hreatening or intimidating a subpoenaed defense witness." (ECF No. 17, at 4.) As the State Defendants' memorandum explains, absolute immunity applies to actions arising from the prosecutor's role in the judicial process, including decisions and communications intimately associated with charging and trial. (ECF No. 14-1, at 7–8.) Characterizing those communications as "threats" does not change their character as prosecutorial judgments conveyed while prosecuting a case. Absolute immunity turns on function, not motive or a plaintiff's labels. Since ASA Detrick has prosecutorial immunity, the claim against her in her individual capacity should be dismissed with prejudice.

III.    **THE COMPLAINT FAILS TO STATE A CLAIM AGAINST MAJOR MORGAN.**

Mr. Ritchie contends that "[w]hether Morgan's conduct caused, contributed to, confirmed, reinforced, or ratified the intimidation of the witness is a factual question," that "[w]hether Morgan acted jointly with others is a factual question," and that "[t]hose questions should not be resolved against Plaintiff on a motion to dismiss." (ECF No. 17, at 3.) Mr. Ritchie's argument fails because the timeline of factual allegations defeats an inference of causation. Mr. Ritchie alleges the witness left the courthouse during jury selection after being told he could face charges, the witness left the courthouse the next morning before trial, Major Morgan "subsequently contacted the witness and stated words to the effect of: I told you they were going to charge you if you testified," and then "[a]fter

3

the conclusion of the criminal case" Major Morgan "communicated additional threats." (ECF No. 1, at ¶¶ 15–23; ECF No. 17, at 2). Nowhere in the complaint is it alleged that Major Morgan said or did anything to deter the witness from testifying—only that he allegedly made statements after the witness chose not to testify. (ECF No. 1.) Mr. Ritchie's opposition confirms this sequence of events by characterizing Major Morgan's alleged statements as "conduct alleged after the criminal proceedings." (ECF No. 17, at 3.) Mr. Ritchie attempts to reframe this as "a broader pattern of intimidation, reinforcement, and retaliation," (ECF No. 17, at 3), but the complaint alleges nothing of the sort, nor does the complaint plausibly allege that Major Morgan's alleged statements caused or contributed to any constitutional deprivation.

Even accepted as true, Major Morgan's statements—all alleged to have been made *after* the witness chose not to testify—cannot have interfered with Mr. Ritchie's ability to present that witness at trial. Therefore, the claim against Major Morgan in his individual capacity should be dismissed with prejudice.

## IV.    PLAINTIFF'S REQUEST FOR LEAVE TO AMEND SHOULD BE DENIED AS FUTILE.

Futility warrants denial of Mr. Ritchie's request for leave to amend his complaint. The sovereign-immunity and absolute-immunity bars are legal and not curable by amendment; the facts alleged in the complaint as to Major Morgan do not support a viable constitutional claim; and the "Allegany County Sheriff's Office" is unequivocally not a suable entity.

4

## CONCLUSION

For the foregoing reasons, the Court should grant the motion to dismiss and dismiss all claims against the State Defendants with prejudice.

Respectfully submitted,

ANTHONY G. BROWN
Attorney General of Maryland

/s/ Emily Green Hull
EMILY GREEN HULL
Federal Bar No. 31074
Assistant Attorney General
200 Saint Paul Place, 20th Floor
Baltimore, Maryland  21202
egreenhull@oag.maryland.gov
(410) 576-7010
(410) 576-6955 (facsimile)

*Attorneys for Defendants Dave Morgan, Undersheriff for Allegany County, and the Allegany County Sheriff's Office*

/s/ Wendy L. Shiff
WENDY L. SHIFF
Federal Bar No. 09076
Assistant Attorney General
200 Saint Paul Place, 20th Floor
Baltimore, Maryland  21202
wshiff@oag.maryland.gov
(410) 576-6996
(410) 576-6955 (facsimile)

July 24, 2026

*Attorneys for Defendant Karen Detrick, Assistant State's Attorney for Allegany County*

**CERTIFICATE OF SERVICE**

I certify that on this 24th day of July 2026, the foregoing was served by CM/ECF

on all registered CMF users and by first-class mail on the following:

> Ronald Dale Ritchie
> 12725 Valley View Avenue
> Cumberland, Maryland  21502

/s/ Emily Green Hull
Emily Green Hull