**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| RONALD DALE RITCHIE, II, | * | |
| Plaintiff, | * | |
| v. | * | Case No. 1:26-cv-00182-MJM |
| KAREN DETRICK, *et al*., | * | |
| Defendants. | * | |

* * * * * * * * * * * * *

**ALLEGANY COUNTY, MARYLAND'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS**

Allegany County, Maryland, one of the Defendants, by Karpinski, Cornbrooks & Karp, P.A., Kevin B. Karpinski, and Bently C. Green, Jr., its attorneys, submits this Memorandum in Support of its Motion to Dismiss and further states:

## Introduction

This case arises out of the criminal trial of Plaintiff Ronald Dale Ritchie, II, in the Circuit Court for Allegany County. *See generally* ECF 1. Ritchie subpoenaed a sitting deputy sheriff as a defense witness. *Id*. at ¶ 13. He alleges that Assistant State's Attorney Karen Detrick ("ASA Detrick") told his counsel the deputy would be criminally charged if he took the stand, and that the deputy left the courthouse twice as a result. *Id*. at ¶¶ 15-18. He further alleges that Deputy Dave Morgan repeated the warning to the witness afterward and threatened charges against both men once the criminal case ended.[1] *Id*. at ¶¶ 19, 23. Ritchie brings a claim under 42 U.S.C. § 1983 against all Defendants (Count I) and a claim of municipal liability under *Monell* against Allegany County, Maryland (hereinafter the "County") alone (Count II). *Id*. at ¶¶ 25-31.

[1] The Complaint identifies Morgan as the Undersheriff of Allegany County. ECF 1, at ¶ 7. He is referred to hereinafter as Deputy Morgan.

The County is not a proper defendant to either count. Every fact alleged concerns actions taken by a prosecutor or by a member of the Sheriff's Office, and the County employs neither. Nothing in the pleading suggests that the County hired, paid, supervised, or disciplined ASA Detrick or Deputy Morgan, and Count II rests on a failure to train and supervise personnel the County does not employ. The Complaint should be dismissed in its entirety as to the County.

**Allegations Contained in the Complaint**[2]

Ritchie was arrested in Allegany County on August 4, 2024, and tried in the Circuit Court for Allegany County. ECF 1, at ¶¶ 10, 12, 17. He subpoenaed a sitting deputy sheriff as a defense witness. *Id*. at ¶ 13. During jury selection, ASA Detrick told defense counsel that the deputy would be criminally charged if he testified, and the deputy left the courthouse. *Id*. at ¶¶ 15, 16. She repeated the statement on the morning of trial, and the deputy left again without testifying. *Id*. at ¶¶ 17, 18, 20. Deputy Morgan contacted the witness afterward and said words to the effect of, "I told you they were going to charge you if you testified." *Id*. at ¶ 19. Once the criminal case ended, Deputy Morgan threatened to charge Ritchie and the witness if Ritchie pursued legal action. *Id*. at ¶ 23.

The Complaint has little to say about the County. It describes the Sheriff's Office as "a law enforcement agency operating under the authority of Allegany County," and the County itself as "a municipal entity responsible for the policies, practices, supervision, and training of its law enforcement officials." *Id*. at ¶¶ 8, 9. Count I is brought against all Defendants under 42 U.S.C. § 1983. *Id*. at ¶¶ 25-29. Count II is a *Monell* claim brought against the County alone, and it consists of two sentences. Ritchie alleges that the conduct was undertaken pursuant to County "policies,

[2] Solely for purposes of this motion, the County recites Plaintiff's allegations without conceding their truth.

customs, or practices, including failure to train, supervise, and discipline prosecutors and law enforcement officials," and that the County's "deliberate indifference caused the constitutional violations suffered by Plaintiff." *Id*. at ¶¶ 30, 31.

**Standard of Review**

This Court should dismiss the complaint if it fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Though this Court must view complaints in the light most favorable to plaintiffs, it "should not accept unsupported legal allegations . . . 'legal conclusion[s] couched as . . . factual allegation[s],' . . . or conclusory factual allegations devoid of any reference to actual events . . . ." *Gross v. Pfizer, Inc.*, 825 F. Supp. 2d 654, 657 (D. Md. 2011), *aff'd sub nom*. *Drager v. PLIVA USA, Inc.*, 741 F.3d 470 (4th Cir. 2014) (internal quotations omitted). In reviewing the complaint, therefore, this Court should first determine whether an allegation is entitled to deference or is merely a "[t]hreadbare recital[] of the elements of a cause of action, supported by mere conclusory statements." *Gross*, 825 F. Supp. 2d at 657 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Allegations that amount to "no more than 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action' [are] insufficient." *Bourgeois v. Live Nation Ent., Inc.*, 3 F. Supp. 3d 423, 434 (D. Md. 2014) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

**Argument**

**I. The County Does Not Employ the Sheriff's Office or Its Personnel.**

Under Maryland law, "[t]he role of a sheriff as a State constitutional officer whose duties are subject to control by the General Assembly leads us to the conclusion that sheriffs are State rather than local government employees." *Rucker v. Harford Cnty.*, 316 Md. 275, 281, 558 A.2d 399, 402 (1989). "Because a deputy sheriff functions as the alter ego of the sheriff, and exercises the same authority, we reach the same conclusion with respect to deputy sheriffs." *Id.*; see also

*Prince George's Cnty. v. Aluisi*, 354 Md. 422, 434, 731 A.2d 888, 895 (1999) ("Sheriffs and deputy sheriffs are state officials, not local government officials, and their duties are determined by state law, not locally enacted ordinance."). The General Assembly codified the point: "State personnel" under the Maryland Tort Claims Act includes "a sheriff or deputy sheriff of a county or Baltimore City." Md. Code Ann., State Gov't § 12-101(a)(6)(i).

The holding articulated in *Rucker* has been adopted and applied by this Court. See *Brooks v. St. Charles Hotel Operating, LLC*, No. DLB-23-0208, 2023 WL 6244612, at *8 (D. Md. Sept. 26, 2023); *Ledergerber v. Blubaugh*, No. JKB-20-1208, 2020 WL 7029868, at *4 (D. Md. Nov. 30, 2020) ("the Sheriff and his deputies are considered state officials rather than county officials under state law. As such, it is Maryland, not Harford County, which is answerable for their actions."); *Santos v. Crowell*, No. GLR-15-3907, 2017 WL 11453004, at *2 n.1 (D. Md. May 31, 2017); *McDonnell v. Hewitt-Angleberger*, No. WMN-11-3284, 2012 WL 1378636, at *4 (D. Md. Apr. 19, 2012) ("The County is correct in its assertion that Hewitt-Angleberger, while acting in the course of her duties as a deputy sheriff, is a State employee for whose acts it cannot be held liable."); *Rossignol v. Voorhaar*, 321 F. Supp. 2d 642, 651 (D. Md. 2004).

The Sheriff's Office is no part of county government. "The Sheriff's Department is not a branch or department of [the] County. Rather, the Sheriff is an independently elected state constitutional officer." *Kronk v. Carroll County, MD*, No. L-11-0277, 2012 WL 245059, at *5 (D. Md. Jan. 25, 2012) (citing Md. Const. art. IV, § 44; *Rucker*, 316 Md. 275, 558 A.2d 399). That a county may fund a sheriff's office or administer certain benefits does not change the analysis. "The mere fact that [sheriffs and deputy sheriffs] might also be subject to administrative practices applicable to county employees, or that their salaries may be paid through the county budget, does

not alter their identity as state officials." *Penhollow v. Bd. of Comm'rs for Cecil County*, 116 Md. App. 265, 296, 695 A.2d 1268, 1284-85 (1997).

The Maryland Tort Claims Act defines "State personnel" to include "a State's Attorney of a county . . . or an employee of an office of a State's Attorney," Md. Code Ann., State Gov't § 12-101(a)(8), and the General Provisions Article defines "State official" to include a State's Attorney. Md. Code Ann., Gen. Prov. § 5-101(ll)(5). This Court has held accordingly that "the State's Attorney is a state official, not a local government employee, so the State's Attorney's knowledge cannot be imputed to [a local government]." *Brown v. Mayor & City Council of Baltimore City*, No. GLR-23-155, 2024 WL 2212911, at *5 (D. Md. May 16, 2024). The Appellate Court of Maryland reached the same conclusion after examining where authority over the office actually sits: "[t]he Maryland legislature sets the pay for each State's Attorney and prescribes the duties of the State's Attorney," and "[n]o Maryland statute describes a State's Attorney as a county official or delegates to the State's Attorney any administrative power on behalf of a county." *Runnels v. Newell*, 179 Md. App. 553, 605, 944 A.2d 1183, 1213 (2008) (citing Md. Const. art. V, § 9), *aff'd in part and rev'd in part on other grounds*, 407 Md. 578, 967 A.2d 729 (2009). *Penhollow* held that county administrative practices and county-funded salaries do not alter a deputy sheriff's identity as a State official, 116 Md. App. at 296, 695 A.2d at 1284-85, and the General Assembly placed the State's Attorney in that same category of State personnel. Md. Code Ann., State Gov't § 12-101(a)(6)(i), (a)(8).

Ritchie's contrary assertions are legal conclusions. He pleads that the Sheriff's Office is "a law enforcement agency operating under the authority of Allegany County," ECF 1, at ¶ 8, and that the County is "responsible for the policies, practices, supervision, and training of its law enforcement officials." *Id.* at ¶ 9. These are "labels and conclusions," not well-pleaded facts, and

the Court need not accept them as true. *Bourgeois*, 3 F. Supp. 3d at 434 (quoting *Twombly*, 550 U.S. at 555); see *Iqbal*, 556 U.S. at 678-79. Deputy Morgan is a member of the Sheriff's Office and ASA Detrick is an employee of the Office of the State's Attorney. The Complaint is silent as to how either one was hired, paid, supervised, or disciplined, and Maryland law places all of that with the State. The County should be dismissed from both counts.

**II. Ritchie Has Not Stated a Claim Against the County.**

A plaintiff seeking to hold a local government liable under § 1983 must plausibly allege a constitutional harm that stems from the acts of a municipal employee "taken in furtherance of some municipal 'policy or custom.'" *Milligan v. City of Newport News*, 743 F.2d 227, 229 (4th Cir. 1984) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)); *Spell v. McDaniel*, 824 F.2d 1380, 1389 (4th Cir. 1987). He must allege facts showing that the policy's creation is fairly attributable to the local government, and he must allege an affirmative causal link between that policy and the injury he suffered. *Spell*, 824 F.2d at 1389; *see also Owens v. Balt. City State's Attorney's Office*, 767 F.3d 379, 402 (4th Cir. 2014) ("Only if a municipality subscribes to a custom, policy, or practice can it be said to have committed an independent act, the sine qua non of *Monell* liability"). Respondeat superior supplies no substitute. *Ritchie v. Donnelly*, 324 Md. 344, 362-64 (1991) (governmental liability under § 1983 requires that official policy or custom caused the violation, and the Supreme Court has repeatedly rejected respondeat superior as a theory). Boilerplate allegations of a policy, without factual support that the policy exists, will not do. *City of Canton v. Harris*, 489 U.S. 378, 385-86 (1989); *Williams v. Mayor, Baltimore City*, No. WMN-14-1125, 2014 WL 5707563, at *4 (D. Md. Nov. 4, 2014).

ASA Detrick and Deputy Morgan are State personnel, so neither one acted in furtherance of any policy belonging to Allegany County. No County official, employee, or department appears anywhere in Ritchie's account of what happened at the courthouse. *See generally* ECF 1.

Ritchie identifies no County policy. ECF 1, at ¶¶ 30, 31. He never says who adopted the custom he invokes, when it took hold, or what earlier episode should have alerted the County to it. A training theory would demand more still, because it requires "a specific deficiency rather than general laxness or ineffectiveness in training," and a deficiency serious enough "to make the specific violation almost bound to happen, sooner or later, rather than merely likely to happen in the long run." *Williams*, 2014 WL 5707563, at *3 (quoting *Spell*, 824 F.2d at 1391). Threadbare recitals of this kind get no deference. *Gross*, 825 F. Supp. 2d at 657. Both counts should be dismissed as to the County.

**Conclusion**

WHEREFORE, Defendant Allegany County, Maryland respectfully requests that this Honorable Court dismiss the Complaint with prejudice and grant any such other relief as the cause may demand.

Respectfully submitted,

Karpinski, Cornbrooks & Karp, P.A.

By: /s/ Kevin B. Karpinski
Kevin B. Karpinski
Federal Bar No. 11849
Kevin@bkcklaw.com

By: /s/ Bently C. Green, Jr.
Bently C. Green, Jr.
Federal Bar No. 31006
BGreen@bkcklaw.com
120 East Baltimore Street, Suite 1850
Baltimore, Maryland 21202-1617
Telephone: 410-727-5000
Facsimile: 410-727-0861
*Counsel for Defendant,*
*Allegany County, Maryland*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of September 2026, a copy of the foregoing was filed electronically, with notice to:

Wendy L. Shiff
Federal Bar No. 09076
Assistant Attorney General
200 Saint Paul Place, 20th Floor
Baltimore, Maryland 21202
wshiff@oag.maryland.gov
*Counsel for Defendant Karen Detrick*

Emily Green Hull
Federal Bar No. 31074
Assistant Attorney General
200 Saint Paul Place, 20th Floor
Baltimore, Maryland 21202
egreenhull@oag.maryland.gov
*Counsel for Defendants Dave Morgan and the*
*Allegany County Sheriff's Office*

And mailed on September 2, 2026, first-class postage prepaid, to:

Ronald Dale Ritchie
12725 Valley View Avenue
Cumberland, Maryland 21502
*Pro Se Plaintiff*

/s/ Bently C. Green, Jr.
*Counsel for Defendant,*
*Allegany County, Maryland*